**Mary COLE, et al., Appellants,**

v.

**Walter E. LAMB, Executor of the Estate of Marvin E. Cross, Deceased and Nancy Cross, Respondents.**

**No. 25385.**

Kansas City Court of Appeals, Missouri.

Oct. 5, 1970.

Rehearing Denied Dec. 7, 1970.

Hulen, Hulen & Tatlow, Moberly, for appellants.

Arthur M. O'Keefe, Moberly, for respondents.

JAMES W. BROADDUS, Special Commissioner.

This is a declaratory judgment suit brought by the heirs of brothers and sisters of W. C. Cross, deceased, as remainder beneficiaries for a declaration of their right in trust funds created by W. C. Cross.

The evidence shows that W. C. Cross died testate in Randolph County, Missouri, in 1924, and that under his will one-half of his estate, both real and personal, was bequeathed to his brothers Sam Cross and Marvin Cross: "to use during their natural lives and at their death to be divided equally between my brothers and sisters."

The suit is against the executor of the estate of Marvin Cross, who was the last life tenant of such trust fund. As far as this appeal is concerned it is from the judgment of the trial court declaring that while the estate of Marvin Cross was liable to the plaintiffs for $2,422.37 which was the sum that Marvin Cross received from the estate of W. C. Cross and which he held as life tenant, still the estate of Marvin Cross was not liable for the $2,422.-38 which Sam Cross, deceased, had received from the estate of W. C. Cross and which Sam Cross had held as a life tenant until his death.

The evidence shows that Sam Cross died on November 13, 1947, leaving his widow, Maggie Cross. It also shows that after

the death of Sam Cross, Marvin Cross, as the surviving beneficiary, filed suit (Case No. 15743) against Maggie Cross for the $2,422.38 which Sam Cross had received and in which Marvin Cross had a life estate, upon the death of Sam Cross. The evidence in that suit disclosed that Sam Cross had commingled the above sum with property owned by himself and his wife Maggie. Judgment went against Maggie Cross; the case reached this court and our opinion is reported in 241 S.W.2d 71. Due to the importance of the question involved this court transferred the case to the Supreme Court and that Court's opinion is to be found in 246 S.W.2d 801. The final judgment in that case was that Marvin Cross was entitled to a personal judgment against Maggie Cross and was also entitled to an equitable lien upon property that she had received from Sam Cross.

In the instant case the trial court found that:

"Thereafter an action was instituted by Marvin Cross against Maggie Cross and others to recover the judgment rendered in case No. 15734 but Marvin Cross died on July 29, 1968, without ever actually collecting the judgment for the one-half of the personal property held by his brother Sam Cross in the sum of $2,422.38 and did not have possession of said moneys at the time of his death or at any time during his life."

The question at issue is this: Is the executor of an estate of a life beneficiary liable to the remainder beneficiaries for trust funds in which the deceased had a life interest, but which had never been in the possession of the life beneficiary?

It must be kept in mind that throughout the course of the litigation concerning this particular fund, the trial court and the appellate courts have uniformly regarded Sam Cross and Marvin Cross as trustees of a trust fund. (Cross v. Cross, 241 S.W.2d 71 and 246 S.W.2d 801.) The evidence is uncontradicted that Marvin Cross never was in possession of the $2,422.38 which Sam Cross received from the estate of W. C. Cross, nor did Marvin Cross ever have such money under his control. Therefore, it is clear that he was under no duty to account to the remaindermen for this money. It is stated in 90 C.J.S. Trusts § 269, p. 339:

"A trustee, in order to be liable for breach of trust, should have possession and control, and a trustee has no duty to account for property which was never in his possession or under his control."

As we have stated the evidence shows that when Sam Cross died in November 1947, Marvin Cross became entitled to the $2,422.38 as a successor trustee life tenant. Marvin Cross sued Maggie Cross in the Circuit Court of Randolph County, and that court rendered judgment in favor of Marvin Cross. That case was appealed to this court which found in favor of Marvin Cross. The case was transferred to the Supreme Court and that Court likewise rendered its decision in favor of Marvin Cross. The record further shows that Marvin Cross then sued Maggie Cross and other persons to enforce the lien under the Supreme Court's decision. That case was still pending when Marvin Cross died.

The duty owed by the life tenant to the remaindermen is stated in Muzzy v. Muzzy, 364 Mo. 373, 261 S.W.2d 927:

"The life tenant holds the corpus of the estate in trust in the sense that he must exercise reasonable precautions to preserve the property intact for transmission to the remainderman at the termination of the life estate, and may not injure or dispose of it to his detriment."

In Farmers Mutual Fire and Lightning Insurance Company v. Crowley, 354 Mo. 649, 190 S.W.2d 250, the Supreme Court tersely said:

"In our state the relationship of a life tenant to the remaindermen is in a sense that of a fiduciary, the life tenant having the duty of preserving and protecting the corpus of the estate for the remainderman."

**16**

Applying the above rules to the facts of the instant case, it is clear that Marvin Cross, the life tenant trustee, was vigorous in his attempt to collect the life interest which he was entitled to upon the death of Sam Cross. In carrying out the protracted litigation, he exercised reasonable precautions to preserve the property.

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court, and the judgment is affirmed.

All concur.